**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRESHPOINT ATLANTA, INC., et al.,<br><br>Plaintiffs,<br>v.<br>JOHN W. HAYWOOD, et al.,<br><br>Defendants. | Case No.: 20-cv-1065-MMA (BGS)<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND STAYING ACTION**<br><br>[Doc. No. 22] |

On June 11, 2020, Freshpoint Atlanta, Inc. ("FPA"), Freshpoint Central Florida, Inc. ("FPCF"), Freshpoint Denver, Inc. ("FPD"), Freshpoint Southern California, Inc. ("FPSC"), Freshpoint South Florida, Inc. ("FPSF"), Premier Produce of South Florida LLC ("Premier"), and Willie Itule Produce, Inc. ("WIP") (collectively, "Plaintiffs") filed a complaint against John W. Haywood, Donald Breen, Robert Allbritton, Duncan Evans, Joanne Ochsman, and Erin Donofrio (collectively, "Defendants") pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA"). *See* Doc. No. 1 ("Compl."). Plaintiffs assert claims for unlawful dissipation and unlawful receipt and retention of PACA trust assets. *See id.*

Defendants now move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to stay the case. *See* Doc. No. 22. Plaintiffs filed a response in opposition, to which Defendants replied. *See* Doc. Nos. 24, 25. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc.

No. 26. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion and **STAYS** this action.

## I. BACKGROUND

Garden Fresh Restaurants LLC ("Garden Fresh") is a limited liability company that operates buffet-style restaurants throughout the United States.[1] *See* Compl. ¶ 19. It is a PACA licensed dealer. *See id.* at ¶ 21. Defendants held executive leadership positions within Garden Fresh: Haywood as Chief Executive Officer; Breen as Chief Financial Officer; and Evans, Ochsman, and Donofrio as Executive Vice Presidents. *See id.* at ¶¶ 12–17. Plaintiffs are wholesale buyers and sellers of produce, also licensed as dealers under PACA. *See id.* at ¶¶ 4–11.

From August 2018 through March 2020, Plaintiffs sold and delivered various quantities of produce to Garden Fresh.[2] *See id.* at ¶¶ 22–29. Plaintiffs allege that at the time of Garden Fresh's receipt of the produce, they became beneficiaries of a PACA statutory trust to assure payment. *See id.* at ¶ 31. They further assert that the trust includes all produce or produce-related assets, including comingled funds (the "Trust Assets"). *See id.* at ¶ 31.

According to Plaintiffs, Garden Fresh failed to make full payment and owes Plaintiffs $777,656.12.[3] *See id.* at ¶ 29. As a result of the failure to pay its debts, Garden Fresh filed for Chapter 7 bankruptcy. *See In re Garden Fresh Restaurants, LLC*, Bankr.

---

[1] Garden Fresh is not a party to this action.

[2] The specific time periods and total produce sales are as follows: FPA sold $25,535.65 between February 2020 and March 2020; FPCC sold $58,346.60 between February 2020 and March 2020; FPCF sold $98,011.56 between February 2020 and March 2020; FPD sold $29,406 between January 2020 and March 2020; FPSC sold $361,304.71 between August 2018 and March 2020; FPSF sold $57,654.37 between January 2020 and March 2020; Premier sold $51,493.43 during March 2020; and WIP sold $94,903.53 between February 2020 and March 2020. *See* Compl. ¶¶ 22–29.

[3] The Complaint refers to the sale of both goods and produce. *See* Compl. ¶¶ 22–29. However, because PACA claims only cover "perishable agricultural commodit[ies]", 7 U.S.C. § 499a(b)(4), this order will only discuss the sale of those statutorily covered goods—the "produce that had been shipped in interstate commerce." *Id.*

No. 20-02477-LA7; Compl. ¶ 33. Plaintiffs then filed this action against Defendants. *See* Compl. They allege that each Defendant is individually liable for unlawfully dissipating the Trust Assets and unlawfully receiving and retaining the Trust Assets. *See id.* Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to stay the case pending resolution of Garden Fresh's bankruptcy proceeding.

## II. LEGAL STANDARDS

### A. Motion to Dismiss under Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims made in the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (20009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *See United States v. Ritchie*, 342 F.3d 903, 907– 08 (9th Cir. 2003). "A court may, however, consider certain materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

**B.     Motion to Stay**

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citations omitted).

In determining whether to grant a stay, courts in the Ninth Circuit weigh the "competing interests which will be affected by the granting or refusal to grant a stay," including:

> [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go

> forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 255).  The burden is on the movant to show that a stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

### III. DISCUSSION

Defendants move to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the alternative, stay the case pending the conclusion of Garden Fresh's bankruptcy proceeding.  The Court addresses each request in turn.

**A.    Motion to Dismiss for Failure to State a Claim**

Plaintiffs assert two causes of action against each Defendant, individually: (1) unlawful dissipation of the Trust Assets (Claim Nos. 1–6); and (2) unlawful receipt and retention of the Trust Assets (Claim Nos. 7–12).  As such, PACA provides the statutory basis for all claims.  PACA "requires a produce buyer to hold the produce and its proceeds and derivatives in trust for the benefit of the seller 'until full payment of the sums owing in connection with such transactions has been received' by the unpaid seller.'" *Sun Hong Foods*, 2020 U.S. Dist. LEXIS 90043, at *7–8 (quoting 7 U.S.C. § 499e(c)(2)).  Consequently, "[a]ny act or omission which is inconsistent with this responsibility, including dissipation of trust assets, is unlawful and in violation of PACA." *Id.* at *8 (C.D. Cal. Mar. 26, 2020) (quoting 7 C.F.R. § 46.46(d)(1)) (internal quotation marks omitted).

There are five elements to a PACA cause of action: (1) the commodities sold

>were perishable agricultural commodities, (2) the purchaser was a commission merchant, dealer, or broker, (3) the transaction occurred in contemplation of interstate or foreign commerce, (4) the seller has not received full payment on the transaction, and (5) the seller preserved its trust rights by including statutory language referencing the trust on its invoices.

*Produce Pay, Inc. v. FVF Distribs. Inc.*, No. 3:20-CV-00517-MMA-MDD, 2020 U.S. Dist. LEXIS 111614, at *16 (S.D. Cal. June 24, 2020) (first citing *Tom Ver LLC v. Organic All., Inc*, No. 13-CV-03506, 2015 U.S. Dist. LEXIS 152808, at *22–23 (N.D. Cal. Nov. 11, 2015); then citing *Beachside Produce, LLC v. Flemming Enters., LLC*, No. 06-04957, 2007 U.S. Dist. LEXIS 44074, at *6 (N.D. Cal. June 6, 2007); then citing 7 U.S.C. §§ 499e(c)(3), (4); and then citing 7 C.F.R. § 46.46(c), (f)).

Defendants do not assert that Plaintiffs failed to adequately plead these elements. Instead, they argue that the claims should be dismissed because Plaintiffs have not sufficiently alleged that Defendants controlled or dissipated the Trust Assets. *See* Doc. No. 22-1 at 12. Because the Complaint alleges two separate causes of action, the Court will address the sufficiency of each.

### 1. Unlawful Dissipation of Trust Assets

The first six claims are against Defendants, individually, for their allegedly unlawful dissipation of the Trust Assets. The Ninth Circuit has previously explained the standard for an unlawful dissipation claim under PACA: "An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act." *Sunkist Growers v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997). That liability extends beyond the purchasing entity, as "[i]ndividual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act." *Sun Hong Foods*, 2020 U.S. Dist. LEXIS 90043, at *2; *see also Sunkist Growers*, 104 F.3d at 283 ("A PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling

person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier."). But "individuals are not secondarily liable merely because they served as corporate officers or shareholders." *Shepard v. K.B. Fruit & Vegetable*, 868 F. Supp. 703, 706 (E.D. Pa. 1994); *see also Onions Etc., Inc. v. Z&S Fresh Inc.*, No. 1:09-CV-00906 OWW, 2011 U.S. Dist. LEXIS 84740, at *39 (E.D. Cal. Aug. 2, 2011) ("[A]n individual's title, even officer, does not alone establish secondary liability."). "A court considering the liability of the individual may look at the closely-held nature of the corporation, the individual's active management role and any evidence of the individual's acting for the corporation." *See Sunkist Growers*, 104 F.3d at 283 (internal citation and quotation marks omitted).

In support of these claims, Plaintiffs allege that each Defendant: (1) was in a position of control over the Trust Assets; and (2) failed to preserve and direct Garden Fresh to preserve the Trust Assets. *See, e.g.*, Compl. ¶¶ 36–38, 41–43, 46–48, 51–53, 56–58, 61–63. This is a wholly conclusory recitation of the standard for liability laid out in *Sunkist Growers*. *See Pareto*, 139 F.3d at 699. The only factual support for Defendants' alleged control is reference to their respective executive positions. Without more, this is insufficient. *See Onions Etc.*, 2011 U.S. Dist. LEXIS 84740, at *39. Plaintiffs do not allege how Defendants were actively involved in or controlled the management of Garden Fresh during the relevant time period. *See Sun Hong Foods*, 2020 U.S. Dist. LEXIS 90043, at *13; *c.f. Onions Etc.*, 2011 U.S. Dist. LEXIS 84740, at *33 ("As Z & S's director, president, sole shareholder, and *person who oversaw Z & S's day to day operations*, Zaninovich was in the position to, and did control PACA trust assets.") (emphasis added); *Sun Hong Foods*, 2020 U.S. Dist. LEXIS 90043, at *10 (denying a motion to dismiss the unlawful dissipation claims because the plaintiff alleged, among other things, that the defendants "issued checks and made other payments to entities other than [p]laintiff during a time when its debt to [p]laintiff went unpaid"). Moreover, there are no allegations of how the Trust Assets were dissipated—much less Defendants' roles in this undertaking. *See* 7 C.F.R. § 46.46(a)(2) (defining "dissipation"

as "any act or failure to act which could result in the diversion of trust assets or which could prejudice or impair the ability of unpaid suppliers, sellers, or agents to recover money owed in connection with produce transactions").

Moreover, Plaintiffs' references to Garden Fresh's bankruptcy schedules are unavailing. In opposition to Defendants' motion, Plaintiffs seem to suggest that Garden Fresh's bankruptcy schedules may lend the inference that Defendants had control over the Trust Assets. But Garden Fresh's bankruptcy schedules are not attached, incorporated by reference, or described in the Complaint. As such, the Court does not consider them at the Rule 12(b)(6) stage. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original); *see also Gathrite v. Wilson*, No. 19cv1852-JAH (NLS), 2020 U.S. Dist. LEXIS 178192, at *7 (S.D. Cal. Sep. 25, 2020) (explaining that in a Rule 12(b)(6) analysis the court "bases its analysis and conclusions solely on the allegations in the Complaint"); *Wolcott v. Meuller*, No. 12cv1282-GPC-BLM, 2013 U.S. Dist. LEXIS 179177, at *8 (S.D. Cal. Dec. 20, 2013) ("A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) is ordinarily addressed to the four corners of the complaint without consideration of other documents or facts outside of the complaint.").

The Court thus concludes that Plaintiffs have not adequately pleaded the unlawful dissipation of Trust Assets cause of action. *See Pareto*, 139 F.3d at 699 ("[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."). Accordingly, the Court **GRANTS** Defendants' motion **IN PART** and **DISMISSES** the unlawful dissipation of Trust Assets claims against each Defendant (Claim Nos. 1–6) with leave to amend.

### 2.     Unlawful Receipt and Retention of Trust Assets

Plaintiffs also allege that Defendants unlawfully received and retained the Trust Assets (Claim Nos. 7–12). Defendants do not particularly attack the insufficiency of this

cause of action in detail.  Nonetheless, taking Plaintiffs' allegations as true, Garden Fresh paid Defendants using proceeds from the sale of the produce.  *See, e.g.*, Compl. ¶ 67.  As a legal matter, the sale proceeds are likely encompassed in the PACA trust.  *See Sunkist Growers*, 104 F.3d at 282 (citing 7 U.S.C. § 499e(c)(2)).  Plaintiffs also allege that during that time, they remained unpaid.  *See* Compl. ¶ 30.  These allegations support a plausible claim that Defendants received Trust Assets, which was unlawful in light of Garden Fresh's failure to repay Plaintiffs.  *See Freska Produce Int'l, LLC v. Alejandro Produce, Inc.*, No. 3:18-CV-1205 W (BLM), 2019 U.S. Dist. LEXIS 6638, at *9 (S.D. Cal. Jan. 10, 2019) ("When a PACA trustee transfers assets to a third party instead of using the assets to pay its PACA creditors, the third party may be required to disgorge those assets to the extent necessary to satisfy claims of PACA trust beneficiaries.").  The Court therefore concludes that Plaintiffs' allegations regarding the unlawful receipt and retention of Trust Assets claims are sufficient to withstand a motion to dismiss.  Accordingly, the Court **DENIES** Defendants' motion to dismiss in this respect.

### B.     Motion to Stay Pending Bankruptcy

Defendants move in the alternative to stay this action pending the resolution of Garden Fresh's bankruptcy proceeding.  Because dismissal of this matter in its entirety is not appropriate, as discussed above, the Court addresses Defendants' alternative request for relief.

As an initial matter, the Court notes that this case is not automatically stayed by Garden Fresh's bankruptcy proceeding because the Trust Assets are not part of the bankruptcy estate.  *See S & H Packing & Sales Co. v. Tanimura Distrib.*, 883 F.3d 797, 803 (9th Cir. 2018) (quoting *Sunkist Growers*, 104 F.3d at 282) ("Because ordinary principles of trust law apply to trusts created under PACA, trust assets are excluded from the bankruptcy estate if the PACA trustee goes bankrupt.").  That said, "[a]t the outset, the Court recognizes that the existence of another proceeding that may have a substantial impact on a pending case is a particularly compelling reason to grant a stay." *Lindell v. Synthes, USA*, No. 1:11-cv-2053 LJO-BAM, 2012 U.S. Dist. LEXIS 65919, at *8–9 (E.D.

Cal. May 10, 2012) (citing *Leyva*, 593 F.2d at 863–64). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* (citing *S.E.C. v. Global Materials and Services, Inc.*, No. SACV 08-0881 DOC (RNBx), 2008 U.S. Dist. LEXIS 97243, at *5 (C.D. Cal. Nov. 17, 2008)).

The Court concludes that Garden Fresh's bankruptcy proceeding may potentially alter the course of this action and therefore is a compelling reason to grant a stay. *See id.* Defendants' liability, if ultimately any, is merely secondary to Garden Fresh's. *See Sunkist Growers*, 104 F.3d at 283 (quoting *Shepard*, 868 F. Supp. at 706) ("PACA liability attaches first to the licensed seller of perishable agricultural commodities. If the seller's assets are insufficient to satisfy the liability, others may be found secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust."). As Defendants point out, because Garden Fresh is in bankruptcy, its ability to repay Plaintiffs remains unclear. Plaintiffs seem to acknowledge this. In their opposition, Plaintiffs describe Garden Fresh's bankruptcy and liquidity problem, arguing that any recovery in the Bankruptcy Court "is likely to be minimal." Doc. No. 24 at 9. But their point concedes that recovery at this juncture is unknown. Likewise, it is unclear whether this action—to recover any deficiency—is necessary. Consequently, the undetermined amount of repayment Plaintiffs may receive from Garden Fresh's bankruptcy supports a stay.

Further, "[i]n determining whether to grant a stay, Courts may also consider the stage in litigation, whether substantial discovery has already taken place, and whether the matter has been set for trial." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994). This action has only been pending since June 2020, and the parties are in the initial stages of the lawsuit. Discovery—if any has been taken—has just begun. And the Court has not set the case for trial. Therefore, the early stage of this proceeding further supports a stay.

Finally, the *Lockyer* factors weigh in favor of staying this case. *See Lockyer*, 398

F.3d at 1110. Plaintiffs do not explain any damage or hardship they will suffer if a stay is granted. And the Court does not find any. To the contrary, a stay would be economically beneficial for all parties. If the Court does not stay this case, Defendants will continue incurring costs defending this suit while Plaintiffs simultaneously seek redress against the primarily liable party, Garden Fresh. Moreover, if Plaintiffs are ultimately repaid through Garden Fresh's bankruptcy, Plaintiffs will have spent time and resources here yet have no recourse. Thus, balancing the hardships between the parties justifies a stay. And for those same reasons, a stay would also promote judicial economy.

In sum, Defendants' liability under PACA is merely secondary. They cannot be liable unless and until it is determined that Garden Fresh cannot repay Plaintiffs. That issue—albeit not directly being litigated—is before the Bankruptcy Court as Garden Fresh undergoes Chapter 7 liquidation. Accordingly, the Court concludes that a stay is warranted and **GRANTS** Defendants' request to stay the action pending resolution of Garden Fresh's bankruptcy proceeding.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Defendants' motion and **DISMISSES** Claims 1 through 6 with leave to amend. The Court **DENIES** Defendants' motion to dismiss in all other respects. The Court also **GRANTS** Defendants' alternative request and **STAYS** this action pending conclusion of Garden Fresh's bankruptcy proceeding. The Court **DIRECTS** the parties to file status reports within five (5) business days of the conclusion of Garden Fresh's bankruptcy proceeding. The Court will then issue an order setting a deadline for Plaintiffs to file an amended complaint, if appropriate.

**IT IS SO ORDERED.**

Dated: October 29, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge