UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESHPOINT ATLANTA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN W. HAYWOOD, et al.,<br><br>Defendants. | Case No. 20-cv-1065-MMA-DTF<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SUBSTITUTE COUNSEL**<br><br>[Doc. No. 32] |

On September 5, 2025, Plaintiffs Freshpoint Atlanta, Inc., Freshpoint Central California, Inc., Freshpoint Central Florida, Inc., Freshpoint Denver, Inc., Freshpoint Southern California, Inc., Freshpoint South Florida, Inc., Premier Produce of South Florida, LLC, and Willie Itule Produce, Inc. (collectively "Plaintiffs") filed a motion, *ex parte*, to substitute the Law Office of William P. Fennell, A.P.L.C. ("Fennell Law"), as their counsel of record, in place of Dean T. Kirby, Jr. ("Mr. Kirby"). Doc. No. 32 at 1–2. Plaintiffs indicate that lead counsel, Mr. Gregory A Brown, appearing *pro hac vice*, will remain as counsel. *Id.* at 2. Defendants John W. Haywood, Donald Breen, Robert Allbritton, Duncan Evans, Joanne Ochsman, and Erin Donofrio (collectively "Defendants") filed no response.

An attorney may not withdraw as counsel of record except by leave of the court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992).  The "decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Westhoff Vertriebsges mbH v. Berg*, No. 22-CV-0938-BAS-SBC, 2024 WL 947803 *1 (S.D. Cal. Feb. 14, 2024) (quoting *Garrett v. Ruiz*, No. 11-CV-2540-IEG WVG, 2013 WL 163420 *2 (S.D. Cal. Jan. 14, 2013)) (internal quotation marks omitted).

Civil Rule 83.3.f requires that a party seeking to substitute counsel "must appear in person or appoint another attorney by a written substitution of attorney signed by the party, the attorney ceasing to act, and the newly appointed attorney, or by a written designation filed in the case and served upon the attorney ceasing to act, unless attorney is deceased, in which event the designation of a new attorney will so state."  CivLR 83.3.f.2.

As to the local rules, Plaintiffs' proposed new counsel, William P. Fennell and Hala Hammi of the Law Offices of William P. Fennell, A.P.L.C., submit the following signatures consenting to their substitution in as counsel for Plaintiffs: (1) Mark Krane, Sr. Director of Credit and Collections for Freshpoint Atlanta, Inc.;[1] (2) Jim Chlebogiannis, President of Premier Produce Central Florida, LLC; and (3) William Itule, President of Willie Itule Produce, Inc.  Doc. No. 32 at 3–5.  Mr. Fennell Likewise affirms that he accepts the substitution.  *Id.*  Plaintiffs indicate, however, that they have not served the motion on Mr. Kirby, as his "licensing status with the State Bar of California is not 'eligible to practice law.'"  *Id.* at 2.  Rule 83.3, however, specifies the only circumstance upon which the attorney to be replaced need not be served: death.  CivLR 83.3.f.2.  Nevertheless, the Court's CM/ECF system indicates that a notice of electronic service

---

[1] The motion indicates that "Freshpoint Atlanta, Inc., signs and consents to this substitution for its cooperative entities: Freshpoint Central California, Inc., a Delaware corporation; Freshpoint Central Florida, Inc., a Florida corporation; Freshpoint Denver, Inc., a Colorado corporation; and Freshpoint Southern California, Inc., a California corporation."  Doc. No. 32 at 5n.1.

was sent to Mr. Kirby upon the motion's filing. *See* Doc. No. 32. Thus, Plaintiffs have effectively complied with the local civil rules.

As to Mr. Kirby's withdrawal, Plaintiffs seek to substitute him because he is no longer able to practice law in California.[2] Doc. No. 32 at 2. The Court takes judicial notice that the California State Bar websites indicates that Mr. Kirby's current status is "resigned."[3] The Court may take judicial notice of information on government websites and "official acts" of government agencies. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010); *Gallagher v. Philipps*, 563 F. Supp. 3d 1048, 1070–71 (S.D. Cal. 2021); *Greenfield MHP Assocs., L.P. v. Ametek, Inc.*, 145 F. Supp. 3d 1000, 1007 (S.D. Cal. 2015). As the case is stayed pending resolution of Garden Fresh Restaurants LLC's bankruptcy proceeding, Doc. No. 27 at 11, and Defendants filed no opposition to the motion, the Court finds there is no risk of prejudice to Defendants, undue delay, injustice, or any other factor weighing against substitution.

Upon due consideration, good cause appearing, the Court **GRANTS** the motion to substitute counsel and **DIRECTS** the Clerk of Court to update the docket accordingly. Further, Plaintiffs are **ORDERED** to serve a copy of this Order on all interested parties in the Bankruptcy proceeding.

**IT IS SO ORDERED**.

Dated: September 9, 2025

HON. MICHAEL M. ANELLO
United States District Judge

---

[2] Plaintiffs indicate that Mr. Kirby is "unable to consent to this substitution in writing" for that same reason. Doc. No. 32 at 2.
[3] https://apps.calbar.ca.gov/attorney/Licensee/Detail/90114